IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-4391-CV-C-WAK |
| | ) |
| THE STATE OF MISSOURI; | ) |
| ROBIN CARNAHAN, | ) |
| MISSOURI SECRETARY OF STATE, | ) |
| in her official capacity; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff United States of America hereby alleges:

1. This is a civil action brought to enforce the voter registration list maintenance requirements of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6, with respect to the conduct of elections for federal office in the State of Missouri.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. Venue for this action is proper in the Central Division of the United States District Court for the Western District of Missouri. See 28 U.S.C. §§ 105, 1391(b).

## PARTIES

4. Plaintiff United States of America seeks declaratory and injunctive relief pursuant to Section 11(a) of the NVRA, 42 U.S.C. § 1973gg-9(a), which authorizes the Attorney General of the United States to bring this suit to enforce the NVRA, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Defendant State of Missouri is covered by the requirements of the NVRA with respect to elections for federal office. See 42 U.S.C. §§ 1973gg-1(4), 1973gg-2(b). The NVRA became effective in the State of Missouri on January 1, 1995. See Pub. L. No. 103-31, § 13(2), 107 Stat. 77, 88 set forth at 42 U.S.C. 1973gg note.

6. Defendant Robin Carnahan is the Missouri Secretary of State. Missouri law establishes that the "secretary of state shall be the chief state election official responsible for the coordination of state responsibilities under the National Voter Registration Act of 1993." See Mo. Rev. Stat. § 115.136. Section 10 of the NVRA requires that "[e]ach State shall designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under this Act." See 42 U.S.C. 1973gg-8. The Secretary of State is sued in her official capacity. See Fed. R. Civ. P. 25(d)(2).

## **CLAIM FOR RELIEF**

7. Section 8(a)(4) of the NVRA requires that "[i]n the administration of voter registration for elections for Federal office, each **State** shall . . . conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of - (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." See 42 U.S.C. § 1973gg-6(a)(4) (emphasis added).

8. Section 8(b) of the NVRA requires that "[a]ny State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office" shall be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. § 1973 et seq.) . . ." 42 U.S.C. § 1973gg-6(b). Section 8(c) of the NVRA provides that a State "shall complete, not later than 90

days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters" (with certain exceptions including removals based on death, criminal conviction, mental incapacity and voter request). See 42 U.S.C. § 1973gg-6(c)(2)(A).

9. Section 8 of the NVRA allows for immediate removals from the voting registration list used in elections for federal office based on death, criminal conviction or mental incapacity, in the manner provided by state law. See 42 U.S.C. § 1973gg-6(c)(2)(B). Section 8 of the NVRA also allows for immediate removals from the voter registration list at the voter's request in the manner provided by state law, such as where a voter confirms to the registrar in writing that the voter has moved outside of the registrar's jurisdiction or where the registrar is notified that a voter has registered to vote in another jurisdiction. See 42 U.S.C. §§ 1973gg-6(a)(3)(A), 1973gg-6(c)(2)(B), and 1973gg-6(d)(A). Section 8 of the NVRA also requires, however, that specific notice procedures and timeframes be followed by States when removing voters from the official list of registered voters used in elections for federal office on the ground that the voter has moved. See 42 U.S.C. §§ 1973gg-6(b) to (f).

10. Missouri law provides for certain voter registration list maintenance procedures, e.g., for canvassing voter rolls every two years to identify persons who have become ineligible and for notification to election officials of deaths. See, e.g., Mo. Rev. Stat. §§ 115.163, 115.179, 115.187, 115.189, 115.193, 115.195.

11. Missouri law allows that the "secretary of state may promulgate rules only to ensure state compliance with the National Voter Registration Act of 1993," Mo. Rev. Stat. §

115.136. However, the Missouri Secretary of State has not promulgated rules regarding compliance with the list maintenance provisions of the NVRA.

12. The State of Missouri has delegated the conduct of voter registration in elections for federal office to 116 local election jurisdictions, consisting of Missouri's 114 counties as well as St. Louis City and Kansas City. In 110 of these jurisdictions, the local election authority is the county clerk, while in St. Louis City, Kansas City, and Jackson, Platte, Clay, and St. Louis Counties the local election authority is the board of election commissioners.

13. Despite the list maintenance requirements of Section 8 of the NVRA and state law, there are a number of local election jurisdictions in Missouri that do not conduct a meaningful general program of voter registration list maintenance in elections for federal office, particularly with respect to voters who may have moved. A number of local election jurisdictions in Missouri also have not always regularly removed persons who have died. These practices have resulted in ineligible voters remaining on the voter registration lists in elections for federal office. There are also local election jurisdictions in Missouri that use voter registration list maintenance procedures in elections for federal office which have not always followed the notice and timing requirements of Section 8 of the NVRA with respect to voters who may have moved. These practices have resulted in the removal of voters from voter registration lists in elections for federal office prematurely in a manner not consistent with federal law.

14. For example, in one Missouri county, the clerk's office never performed a canvas and does not put voters on the "inactive" list. Instead, on a single occasion several years ago, the clerk's office suspended the registrations of all voters who had not cast ballots in the previous ten

years. The office has performed no other maintenance to determine whether voters on the rolls may have moved from the county. In another county, the clerk does not flag voters who may have moved as "inactive" and provide them notice and the opportunity to confirm their county residence so as to maintain their registration, as required by the NVRA. Instead, after sending a letter to each voter who had not cast a ballot in four years, that clerk immediately removed from the rolls all those voters for whom the letter was returned as undeliverable. In yet another Missouri county, the clerk never performed a systematic canvass of voters, while in another the clerk has not removed deceased voters and duplicate registrations nor performed a canvass in some years. Another county clerk acknowledged that he had not performed a canvass nor removed voters who were registered under both maiden and married names, nor voters who were registered in multiple counties.

15. Thus, in each of these counties and in Missouri, Defendants have failed to conduct an adequate general program of list maintenance with respect to voter registration lists used in elections for federal office which is uniform across the State and which complies with Section 8 of the NVRA. Defendants have not taken any adequate action to monitor or to ensure that the State of Missouri is in compliance with the voter registration list maintenance requirements of Section 8 of the NVRA. Defendants have failed to ensure that election officials in Missouri actually regularly perform a uniform general program of voter registration list maintenance to remove ineligible voters. Defendants also have failed to ensure that the voter registration list maintenance programs actually used by election officials in Missouri uniformly afford voters the full protections of Section 8 of the NVRA before being removed from voting rolls.

16. As a consequence of the non-compliance with list maintenance provisions of the

- 5 -

Case 2:05-cv-04391-NKL    Document 1    Filed 11/22/05    Page 5 of 12

NVRA in the State of Missouri, the voter registration rolls in a number of local election jurisdictions in the State exceed the voting age population of those jurisdictions according to the United States Census. This fact has been highlighted in news articles and is discernable from data on the Secretary of State's own website. This NVRA non-compliance, and its consequences, have been called to the State's attention in a previous lawsuit filed by the Attorney General and in later correspondence from the Attorney General.

17. In 2002, the United States brought suit against the City of St. Louis, Missouri for violations of the voter registration list maintenance provisions of Section 8 of the NVRA. See United States v. Board of Election Commissioners of the City of St. Louis, 4:02CV1235 (E.D. Mo.). That case was resolved by consent decree which required the City to take corrective actions to resolve these violations. While that case highlighted and resolved certain NVRA compliance issues in the City of St. Louis, it did not lead to compliance by all Missouri election authorities.

18. Articles published in newspapers in Missouri on October 20, 2004, just prior to the 2004 general election, indicated that there were 37 election jurisdictions in the State that had more registered voters than persons of voting age according to then-available July 2003 United States Census estimates. See, e.g., "Record voter rolls in state may be inflated," St. Louis Post-Dispatch, Oct. 20, 2004, at A08; "Voter rolls at record high," Kansas City Star, Oct. 20, 2004, at A2.

19. Comparison of State voter registration data posted on the website of the Missouri Secretary of State with data from the United States Census Bureau indicates that at least 34 (nearly one-third) of the election jurisdictions in Missouri had more registered voters in

- 6 -

Case 2:05-cv-04391-NKL   Document 1   Filed 11/22/05   Page 6 of 12

November 2004 than there were persons of voting age in those jurisdictions under July 2003 Census estimates (released September 2004), and that 29 election jurisdictions in the State had more registered voters in November 2004 than there were persons of voting age in those jurisdictions under July 2004 Census estimates (released August 2005). Indeed, the State's data indicates that the local election jurisdiction with the highest ratio, Reynolds County, had 153% of its 2003 Census voting age population, and 151% of its 2004 Census voting age population, registered to vote in the November 2004 federal election. This State's data further indicates that, statewide, Missouri had voter registration totals in November 2004 amounting to 98 percent of the state's voting age population according to July 2003 Census estimates and 96 percent of the state's voting age population according to July 2004 Census estimates.

20. On March 17, 2005, the Attorney General of the United States wrote the State of Missouri, noting that there were numerous election jurisdictions in the State that had more registered voters than persons of voting age, based on a comparison of the State's own voter registration data and United States Census population data, and expressing concern whether the State was complying with its list maintenance obligations under Section 8 of the NVRA.

21. On October 25, 2005, the Attorney General of the United States again wrote to the State of Missouri, advising that the United States' subsequent investigation had concluded that the State was not in compliance with its list maintenance obligations under Section 8 of the NVRA.

22. By virtue of the conduct described above, e.g., in Paragraphs 13 and 14, Defendants are in violation of Section 8 of the NVRA, 42 U.S.C. § 1973gg-6. The facts described above in Paragraphs 16-20 should have called to the attention of the Defendants that

the State of Missouri was failing to ensure that it conducts an adequate and uniform general program of voter registration list maintenance in elections for federal office as required by Section 8 of the NVRA. Unless enjoined by this Court, Defendants will continue to violate Section 8 of the NVRA by failing to conduct an adequate general program of voter registration list maintenance that is designed to remove voters who have become ineligible, and by failing to conduct a general program that is uniform, affords voters the protections set forth in the NVRA before removal from the registration list, and is otherwise in compliance with Section 8 of the NVRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff United States of America prays for an order:

A. Declaring that Defendants are in violation of Section 8 of the NVRA, 42 U.S.C. § 1973gg-6, by failing to ensure that the State of Missouri conducts an adequate general program of list maintenance that makes a reasonable effort to remove the names of ineligible voters from the voter registration list in elections for federal office in a uniform manner according to the specific requirements and protections set forth in Section 8 of the NVRA;

B. Enjoining the Defendants, their agents and successors in office, and all persons acting in concert with any of them from failing or refusing to comply with the voter registration list maintenance requirements of Section 8 of the NVRA in elections for federal office;

C. Ordering the Defendants to take all steps necessary to remedy the demonstrated violations of Section 8 of the NVRA in elections for federal office; and,

D. Ordering the Defendants to provide this Court within 30 days from the date of the Court's order a plan to remedy the demonstrated violations of Section 8 of the NVRA, and to

- 8 -

Case 2:05-cv-04391-NKL   Document 1   Filed 11/22/05   Page 8 of 12

affirmatively administer an adequate general program of list maintenance in compliance with the requirements of Section 8 of the NVRA in elections for federal office. That plan should include, at a minimum: 1) a survey of all local election authorities in the State to determine whether there has been a adequate general program of list maintenance in every jurisdiction designed to remove ineligible voters as required by the NVRA as well as whether voters have been removed from the registration lists in a manner inconsistent with the NVRA, 2) a means to fully remedy past violations of the NVRA's list maintenance requirements, and, 3) a means for the State to monitor and ensure it is meeting its obligations under the NVRA to conduct a uniform general program of list maintenance on a regular basis going forward.

Plaintiff further prays that this Court order such other relief as the interest of justice may require, together with the costs and disbursements of this action.

ALBERTO R. GONZALES
Attorney General

By: */s/ Wan J. Kim*
WAN J. KIM
Assistant Attorney General
Civil Rights Division

TODD P. GRAVES
United States Attorney


By: */Charles M. Thomas*
CHARLES M. THOMAS
Missouri Bar #28522
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
(816) 426-3130 (telephone)
(816) 426-3165 (facsimile)
charles.thomas@usdoj.gov (email)


*/s/ John K. Tanner*
JOHN K. TANNER
Chief, Voting Section
D.C. Bar No. 417585

*/s/ T. Christian Herren, Jr.*
T. CHRISTIAN HERREN JR
Alabama Bar #ASB-6671-R63T
chris.herren@usdoj.gov (email)
JOEL B. ARD Illinois Bar # 6271881
joel.ard@usdoj.gov (email)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254--NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
(800) 253-3931 (telephone)
(202) 307-3961 (facsimile)

- 10 -